The next proposition urged by the plaintiff is that the court erred in admitting evidence of oral statements and negotiations leading up to the execution of the written contract. The plaintiff contends that, by admitting such testimony, an attempt was made to vary the term of a written contract and in violation of section 5035, Comp. Stat. 1921, which provides that the execution of a contract in writing supersedes all the oral negotiations concerning said contract which preceded or accompanied the execution thereof. If the contract were certain and unambiguous and the intention of the parties could be clearly ascertained from the language of the contract itself, then this rule, which the plaintiff seeks to invoke, would be well taken, but the term "confectionery store purposes," being a trade term or a term peculiarly applicable to a certain kind of business, its meaning in the ordinary and popular sense would not necessarily be its meaning as fixed by usage in connection with said business, and, therefore, in determining the meaning of the contract and the intention of the parties, it was proper to admit evidence to show the circumstances under which the contract was made and the conduct of the parties, for the paramount rule for the construction of a contract is to ascertain the intention of the parties at the time the contract is entered into. Prowant v. Sealy, 77 Okla. 244, 187 Pac. 235; Strange v. Hicks, 78 Okla. 1, 188 Pac. 347; D'Yarmett v. School District, 72 Oklahoma, 179 Pac. 20.

The plaintiff urges as his last proposition that the court erred in admitting evidence on the part of the defendant showing what equipment the defendant put in the leased premises and the cost thereof. Under this assignment of error, the plaintiff urges that the evidence, given by the agent, Young, as to his knowledge of improvements that were made by the defendant, the installing of certain fixtures, and the painting of signs advertising the serving of lunches, was prejudicial to the plaintiff and not binding upon him; for the reason that Mr. Young, as agent, did not have authority from the plaintiff to modify in any way the contract, and could not bind the plaintiff by any of his acts or conduct. In this connection one dealing with a known agent has a right to presume that the agency is general and not special, and the presumption is that one known to be an agent is acting within the scope of his authority. Where an agent is held out as having authority of a general agent, any private instructions or limitations upon his authority not communicated or known to those dealing with such agent, will not relieve the principal from liability incurred, where the agent oversteps such

limitations. Minn. Thresh. Mach. Co. v. Humphrey, 27 Okla. 694, 117 Pac. 203; Emerson Brantingham Imp. Co. v. Ritter, 69 Okla. 95, 170 Pac. 482; Midland Savings & Loan Co. v. Sutton et al., 30 Okla. 448, 120 Pac. 1007; Nat. Surety Co. v. Miozrany, 53 Okla. 322, 156 Pac. 651.

The plaintiff urges, under this assignment of error, that an estoppel was not pleaded by the defendant, and therefore, evidence that the plaintiff stood by and saw the defendant install equipment and make preparations at a large expense for the serving of lunches, was not competent, and was prejudicial error. We have carefully examined the answer of the defendant and while the defendant does not say in so many words that the plaintiff is estopped to deny that the defendant has a right to use said building for serving lunches, yet the facts constituting such an estoppel are sufficiently pleaded and the defendant is entitled to the benefit of the law arising therefrom, as held by this court in the case of Jones v. Kress & Co., 54 Okla. 194, 153 Pac. 655, to wit:

"A party entitled to an estoppel need not in all cases formally plead the estoppel. If the facts constituting the estoppel are in any way sufficiently pleaded, he is entitled to the benefit of the law arising therefrom."

The judgment of the lower court is affirmed.

By the Court: It is so ordered.

## CULWELL v. ADMIRE.

No. 11685—Opinion Filed Oct. 23, 1923.

Appeal and Error—Absence of Briefs—Dismissal.

Where no briefs have been filed under rule 7 (215 Pac. vii) of this court, and no application for extension of time has been asked for, and no excuse offered for failure to comply with the requirements of said rule, the appeal may be dismissed.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Love County; Thos W. Champion, Judge.

Action by James L. Admire against T. M. Culwell. From a judgment for plaintiff, defendant appeals. Appeal dismissed.

Graham & Logsdon, for plaintiff in error.

R. A. Keller, for defendant in error.

Opinion by FOSTER, C. This is an appeal from the action of the district court of Love county, Okla., in rendering judgment

in favor of the defendant in error. The cause was duly reached for hearing upon the docket of this court, submitted, and assigned for the preparation of an opinion. Upon an examination of the record, it appears that no briefs have been filed in this cause in compliance with rule 7 (215 Pac. vii) of this court, no request made for an extension of time, and no excuse offered for failure to comply with the requirements of said rule.

The appeal is therefore dismissed for want of prosecution.

By the Court: It is so ordered.

---

## FLOYD v. LANDRUM.

No. 11686—Opinion Filed Oct. 23, 1923.

**Appeal and Error—Absence of Briefs—Dismissal.**

Where no briefs have been filed under rule 7 (215 Pac. vii) of this court, and no application for extension of time has been asked for, and no excuse offered for failure to comply with the requirements of said rule, the appeal may be dismissed.

(Syllabus by Foster, C.)

' Commissioners' Opinion, Division No. 5.

Error from District Court, Love County; Thos. W. Champion, Judge.

· Action by R. L. Floyd against C. L. Landrum. From a judgment for defendant, plaintiff appeals. Appeal dismissed.

Graham & Logsdon, for plaintiff in error.

R. A. Keller, for defendant in error.

Opinion by FOSTER, C. This is an appeal from the action of the district court of Love county, Okla., in rendering judgment in favor of the defendant in error. The cause was duly reached for hearing upon the docket of this court, submitted, and assigned for the preparation of an opinion. Upon an examination of the record, it appears that no briefs have been filed in this cause in compliance with rule 7 (215 Pac. vii) of this court, no request made for an extension of time, and no excuse offered for failure to comply with the requirements of said rule.

The appeal is therefore dismissed for want of prosecution.

By the Court: It is so ordered.

---

## RAIBLE et al. v. YAWMAN et al.

No. 14381—Opinion Filed Nov. 6, 1923.

**1. Jury — Trial to Jury of Eleven — Consent of Parties.**

Where, in the trial of a cause, after a jury of twelve has been empaneled, and before any testimony has been taken, one juror is excused because of sickness, by consent of all parties to the action, noted of record in the trial of the cause, and a trial is had to the remaining eleven jurors, the party against whom the verdict is returned cannot be heard to complain that the cause was tried to eleven jurors, notwithstanding the constitutional provisions that "a jury shall consist of twelve men."

**2. Appeal and Error — Time to Object — Form of Verdict.**

The proper time to object to the form of a verdict is at the time when the verdict is returned into court, and where no objection is made at that time, and no exception is reserved to the form of the verdict, and it is apparent from an examination of the record that the party against whom the verdict is returned is in no wise prejudiced because the verdict is not in strict legal form, the appellate court will refuse to find reversible error.

**3. Affirmance of Judgment.**

Record examined, and held, that there appears no error therein sufficiently prejudicial to the rights of the plaintiff in error as to require a reversal of the judgment appealed from; and that the judgment should be affirmed.

(Syllabus by Shackelford C.)

Commissioners' Opinion, Division No. 4.

Error from District Court. Ottawa County; S. C. Fullerton, Judge.

Action by Amelia Yawman against Joe Raible and Harry Raible, doing business under the name of Raible Bros. Candy Company, and John Daniels, for damages growing out of a collision of automobiles, occasioned by the negligent driving of automobile trucks owned by the respective defendants. Judgment for plaintiff against Joe Raible and Harry Raible, doing business under the name of Raible Bros. Candy Company, and they appeal. Affirmed.

Geo. T. Webster and E. B. Morgan, for plaintiffs in error.

Louis N. Stivers and F. W. Nesbitt, for defendants in error.

Opinion by SHACKELFORD, C. For convenience, the parties will be referred to as